# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**CHRISTY LYNN WATFORD**,

    Plaintiff,

v.

**DALE B. COWART**,

    Defendant.

Civil Action No. 7:12-CV-148 (HL)

## ORDER

This case is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 5). For the reasons outlined below, the motion is denied.

**I.   BACKGROUND**

Plaintiff Christy Lynn Watford and Defendant Dale B. Cowart were involved in a traffic accident in Cook County, Georgia on March 31, 2012. Plaintiff alleges that Defendant ran a stop sign while under the influence of alcohol and collided into the driver's side of Plaintiff's vehicle.

On November 11, 2012, Plaintiff filed the instant lawsuit, seeking general, special, and punitive damages from Defendant. Plaintiff avers in her complaint that jurisdiction is proper in this Court because there is complete diversity of citizenship between the parties and the amount in controversy is in excess of $75,000. 28 U.S.C. § 1332(a)(1).

Defendant has filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant argues that there is

no diversity because both parties are citizens of Georgia.[1] Plaintiff contends in response that she was a citizen of Florida at the time the lawsuit was filed. Because the parties have cited both the allegations in the complaint and extrinsic evidence in their briefs, the Court will analyze Defendant's motion as a factual attack on subject matter jurisdiction. Thus, the Court may consider extrinsic evidence in making its determination. *See* Morrison v. Amway Corp., 323 F.3d 920, 924-25 n. 5 (11th Cir. 2003).

## II. ANALYSIS

"Citizenship is equivalent to domicile for purposes of diversity jurisdiction." McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). Domicile is determined by two elements: (1) physical presence within a state; and (2) the intent to make the state one's home. Duff v. Beaty, 804 F.Supp. 332, 334 (N.D. Ga. 1992). In a factual attack on jurisdiction, the plaintiff bears the burden of establishing jurisdiction. McCormick, 293 F.3d at 1257. To qualify for diversity jurisdiction, complete diversity must exist at the time the complaint was filed. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 124 S.Ct. 1920 (2004).

In support of her claim that Plaintiff was a Georgia citizen when she filed her lawsuit on November 5, 2012, Defendant points to the following facts. The State of Georgia Traffic Crash Report completed on April 1, 2012 for the March 31 accident lists Plaintiff's address as 1410 Dakota Street, Apartment K, Adel, Georgia. The

---

[1] Defendant also moved for dismissal of the complaint on the basis that she was not

report also states that Plaintiff had a Georgia class C driver's license which expires on September 9, 2016.

In response to the motion to dismiss, Plaintiff states that she was a citizen of Florida at the time the lawsuit was filed. She has presented the Court with an affidavit in which she states under oath that: (1) she permanently resides at 24607 SE 20th Lane, Hawthorne, Florida; (2) she became a resident and citizen of Florida prior to November 5, 2012; (3) she is registered to vote in Florida and voted in the 2012 general election in Florida; (4) she has continuously been a resident and citizen of Florida since October 5, 2012; (5) she intends to be a permanent resident and citizen of Florida and that has been her intent since before November 5, 2012; and (6) she was a citizen of Florida on November 5, 2012. (Affidavit of Christy Watford, ¶¶ 2-4, 6-8; Doc. 14-4). Plaintiff has also attached a copy of her Florida driver's license, which was issued on October 5, 2012. (Watford Aff., Ex. 1).

Based on the evidence presented, the Court finds that Plaintiff has demonstrated by a preponderance of the evidence that she was domiciled in Florida on November 5, 2012, the date the complaint was filed. Defendant has presented no evidence to rebut Plaintiff's affidavit testimony. The information contained on the accident report is not evidence of Plaintiff's place of citizenship on the date the complaint was filed. The parties are diverse and the Court has subject matter jurisdiction over the case.

---

properly served. However, Plaintiff subsequently effected proper service on Defendant, and Defendant has withdrawn that portion of her motion.

## III.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 5) is denied.

**SO ORDERED**, this the 5th day of February, 2013.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh